## WEIDENFELD *v.* ALLEGHENY & K. R. Co. *et al.*

*(Circuit Court, W. D. Pennsylvania. July 9, 1891.)*

1. CORPORATIONS—SUIT BY STOCKHOLDER AGAINST DIRECTORS—INJUNCTION.

In an action by a stockholder against a railroad corporation and its directors the bill alleged a violation of agreements between the corporation and others, the use of its credit for unauthorized purposes, the wasting and diversion of its assets from their proper purpose, and the aiding in the construction of a competitive line. It was averred that protests were made against such action, but it was not alleged that they were made by or on behalf of complainant or any other stockholder. *Held* that, the action being founded upon rights which the corporation might properly assert, a preliminary injunction would not be granted, since it did not appear what particular efforts had been made by complainant to secure action by the directors in respect to the matters complained of, nor the causes for his failure to obtain relief from them.

2. SAME—CONFLICT OF FACTS—LITIGATION IN ANOTHER COURT.

A preliminary injunction will not be granted in such action where the conflict of facts in the bill, answer, and affidavits raises a doubtful question as to whether the defendant corporation had assumed or ratified an agreement between its predecessor and a third party in relation to the construction of its lines and equipment, and

where it appears that the defendant corporation had brought suit in a state court against such third party, in which questions arising under the agreement might properly be determined.

In Equity.   On motion for injunction.
*C. Walter Artz*, for the motion.
*George L. Roberts* and *M. F. Elliott*, opposed.

REED, J.   The bill avers that plaintiff is a stockholder in the defendant company.   That certain agreements were made, between Messrs. Bullis and Barse of the one part and Messrs. Newcombe & Co. of the other part, relating to an extension of the lines of certain railroad companies, one organized under the laws of New York, and two organized under the laws of Pennsylvania, the stock in which companies was owned by Bullis and Barse, and providing for the consolidation of said companies into one company, (the defendant company,) and for the issue of bonds to be secured by a mortgage upon the property of the new company, and also upon certain lands owned by Bullis and Barse, to be placed under said mortgage as additional security.   It also avers that a contract was made between the New York company and the Interior Construction & Improvement Company for the construction of said extensions of its own and the lines of the Pennsylvania companies, the issue of bonds to the amount of $500,000, the execution of the mortgage to secure the same, and the payment of the construction company.   This agreement also provided for certain equipment to be furnished by the latter company. The bill also avers the execution of an agreement between Bullis and Barse and the construction company, whereby the former assumed the obligations of the latter under its agreement with the railroad company, so that the construction company was really a nominal party as between the several individuals named, although apparently the real party in the agreement with the railroad company.   The several railroad companies were subsequently consolidated into the defendant company.   Three hundred thousand dollars of the bonds have been sold and $200,000 yet remain in the hands of the trustee.   The bill avers failure of Barse and Bullis to carry out their agreements either with Newcombe & Co. or the construction company, and that the construction company was compelled to interfere and take charge of the work under its agreement with the railroad company; that only a portion of the lands agreed to be put under the lien of the mortgage have been so placed, and of such portion a considerable number of acres is in dispute as to title, and the lands are incumbered by liens; that the remaining $200,000 of bonds cannot be issued until the balance of the said lands are placed under the lien of the mortgage, which the construction company has demanded, but which has not been done, and therefore the construction company cannot complete its contract; that the railroad company will be liable in damages for defaults growing out of failure to complete the extensions and carry out its agreements; that both Barse and Bullis are directors and officers of the company, and have used their positions to their own advantage and the injury of the company by constructing lines to timber

lands in which they were interested, in violation of the several agreements, and with no adequate compensation or advantage to the railroad company; that the directors of said company (defendants in the bill) are constructing at the expense of the railroad company lines of railroad provided for in the agreements, thus injuring its credit, diverting its assets, and rendering it liable to suit for breach of contract by the construction company; that the directors of the defendant company have used its credit for the benefit of a rival line of which Mr. Bullis is president, which is being constructed into the territory of the defendant company, to the detriment of the latter's stockholders, and in violation of the several agreements; that property belonging to the defendant company was fraudulently diverted and used by Barse and Bullis in the construction of the unauthorized lines aforesaid; that the individual defendants own a controlling interest in the stock of the defendant company, and have controlled it during its entire existence. A motion was made for a preliminary injunction by the complainant, but on the day fixed for hearing it appeared that only the railroad company and George L. Roberts, one of its directors, had been served with subpœna and notice of the application, and the argument proceeded between the complainant and these two defendants. An answer was filed by the two defendants, which was read, together with a large number of affidavits on behalf of both parties.

The complainant's allegations as to the acts against which relief is prayed by injunction may be divided into four classes: (1) Violation of the several agreements for construction of defendant company's line; (2) loaning or permitting the credit of the defendant company to be used for the benefit of Bullis and Barse and other purposes not authorized by its charter; (3) wasting or permitting the waste of the assets of the railroad company, and permitting the diversion of the same from its proper purpose and object under its charter or the said agreements; (4) constructing or aiding in the construction of the Kinzua Valley Railroad, or other lines of railroad competitive with the defendant company.

Defendants' counsel contended, upon argument of the motion, that complainant was not entitled to relief, because his bill lacked the averments required by the ninety-fourth equity rule and the rulings of the supreme court in such cases as the present. The bill alleges that the complainant now is, and was at the time of the grievances complained of, a stockholder in defendant company; that the individual defendants, including Bullis and Barse, own a controlling interest in the stock of the defendant company, and have been in possession and control of the defendant during its entire existence; and, notwithstanding protests duly made to them and the defendant company, they and it have continued to do and commit the unlawful acts and things complained of in the bill. It does not say that the protests were made by or on behalf of the complainant, or any other stockholder. The answer specifically denies that any protest was made by or for the complainant to the company, and denies that he ever requested the defendants answering to act on the matters set forth in his bill, or to secure any proceedings on the part of

the defendant company, or brought the same to the attention of the directors or stockholders for action. Complainant's counsel have argued that the rule does not apply; that this suit is not one in which the corporation is in any sense a complainant, or in which there exists a cause of action belonging to or enforceable by the corporation; and that complainant is not suing a third person on behalf of his company, nor is his complaint founded on rights which may properly be asserted by the corporation. While the question is not free from doubt, still, in my judgment, the allegations of the bill make a case within the spirit of the ninety-fourth rule. So far as the complainant's case is based upon the agreement between the construction company and the railroad company, the interpretation of the agreement and the construction by which the rights and obligations of the defendant company are to be determined under that agreement are directly involved in this bill. In this sense the bill is founded upon rights which may properly be asserted by the corporation, and within the rule, although the construction company is not made a party. So far as the bill is founded upon alleged misconduct of the officers and directors of the railroad company, it is within the rule; and the whole case is within the rulings in the cases of *Hawes* v. *Oakland*, 104 U. S. 450; *Detroit* v. *Dean*, 106 U. S. 537, 1 Sup. Ct. Rep. 560; and *Dimpfell* v. *Railroad Co.*, 110 U. S. 209, 3 Sup. Ct. Rep. 573. For this reason the preliminary injunction ought not to be issued. But, apart from this question, an examination of the whole case shows that the motion of the complainant ought not to be granted for other reasons. The defendant corporation and Mr. Roberts, one of its directors, are the only defendants before the court at this hearing, and the complainant's case can only be considered so far as it relates to them. There is not that clear and satisfactory proof of complainant's rights, the contract obligations of the defendant corporation, the present state of affairs between itself and the construction company, the wrongs and misconduct alleged by the bill to exist or the injury which will result, to justify a preliminary injunction. All the essential allegations of the bill are in doubt. The agreements between Newcombe & Co. and Bullis and Barse, and that between the construction company and Bullis and Barse, should not be considered in this connection, being between parties, some of whom are not parties to the bill, and none of whom are before the court; and they are not material to the case as against the defendant corporation, because it is not a party to either agreement and cannot be affected thereby, even though Bullis and Barse did, as alleged in the bill, own all the stock in the company at the time the agreements were executed. Tayl. Corp. § 187. The only agreement to be considered is the one between the New York company and the construction company. That agreement provided, *inter alia*, for the construction of the railroads of the Pennsylvania corporations and the consolidation of all the railroads, and the issue of stock and bonds of the consolidated company. The power of the New York company to make such an agreement is denied by the defendants' answer, and the binding effect of such an agreement, if originally valid, upon the consolidated company is denied by the defendants;

citing the case of *Pullman's Palace Car Co.* v. *Missouri Pac. R. Co.*, 115 U. S. 587, 6 Sup. Ct. Rep. 194. The conflict of facts in the bill, answer, and affidavits raises a doubtful question as to whether there has been such an assumption or ratification of the agreement of the New York company by the defendant company as to render it binding upon the latter, and the question is raised by the defendants as to whether the agreement could be assumed or ratified by the defendant company, if an *ultra vires* act of the New York company; citing *Central Transp. Co.* v. *Pullman's Palace Car Co.*, 139 U. S. 24, 11 Sup. Ct. Rep. 478.

The good faith of the complainant in filing his bill is questioned by the defendants, they alleging upon argument and by affidavit that he is a member of the firm of Newcombe & Co., and the fact appearing at the hearing that he is an officer and director of the construction company. The allegations of the complainant as to the misconduct of the directors and officers of the defendant company are denied in the answer and by affidavits, and are left in doubt, and the performance by the construction company of its part of the agreement is in dispute. The allegation in the amendment to the bill of failure of title to a portion of the lands mortgaged by Bullis to secure the bondholders, as well as the question of incumbrances upon these lands, are, in my judgment, not material in this case. They may interest the bondholders, but I cannot see how a stockholder in the defendant corporation can be affected thereby. It also appears that suit has been brought in the courts of New York by the defendant company against the construction company. The questions arising under the agreement can properly be tried there, and, while the pendency of that suit would not prevent litigation in this court, it is to be considered in relation to this motion. Upon all the facts and circumstances as developed at the hearing upon the motion this is not a case for a preliminary injunction.